# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHERYL RICH,

           Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,

           Agency.

DOCKET NUMBER
PH-0831-21-0067-I-1

DATE: April 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cheryl Rich</u>, Blackwood, New Jersey, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which upheld the reconsideration decision of the Office of Personnel Management (OPM) finding the appellant was overpaid $14,077 in annuity benefits and was ineligible for a waiver of recovery of the overpayment, and adjusting the repayment schedule from 36 monthly installments of $391.02 with a final

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

payment of $0.28, to 93 monthly installments of $150 with a final payment of $127. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant retired from Federal service in April 2019 and began receiving an annuity under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 2 at 1, Tab 16 at 96-99. In May 2020, the appellant became entitled to Social Security Disability Insurance (SSDI) benefits, retroactive to October 1, 2019. IAF, Tab 2 at 1, Tab 16 at 28. Between October 1, 2019, and May 1, 2020, the appellant's FERS annuity benefit was not reduced by the SSDI benefit as required by 5 U.S.C. § 8452, resulting in an overpayment of $14,077. IAF, Tab 2. The appellant requested reconsideration of OPM's findings, and OPM issued a reconsideration decision that denied the appellant's request for a waiver. *Id.* OPM adjusted the repayment schedule from 36 monthly installments of $391.02 and a final payment of $0.28, to 93 monthly installments of $150 and a final payment of $127. *Id.* at 4.

The appellant filed an appeal with the Board. Petition for Review (PFR) File, Tab 1. The administrative judge issued an initial decision upholding OPM's reconsideration decision, including the reduced repayment schedule of 93 monthly installments of $150 and a final payment of $127. IAF, Tab 19, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response. PFR File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review does not dispute the existence or amount of the overpayment. PFR File, Tab 1. The appellant requests to be "responsible for half" the debt or, in the alternative, an adjustment to the repayment schedule based on financial hardship. *Id.*

We construe the appellant's request to be "responsible for half" the debt as a request for waiver of one-half of the debt. However, once the Board finds that an overpayment occurred and that the amount of the debt is correct, it lacks any authority in statute or regulation to unilaterally reduce the amount of the debt. *Gott v. Office of Personnel Management*, 97 M.S.P.R. 538, ¶ 10 (2004). The Board has the statutory authority to order OPM to waive recovery of the entire overpayment if the recipient shows both that she is without fault and that recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); 5 C.F.R. § 845.301. When the appellant is not without fault in creating the overpayment, she is not entitled to a waiver of the overpayment. *Boring v. Office of Personnel Management*, 79 M.S.P.R. 600, ¶ 4 (1998).

We agree with the administrative judge's finding that the appellant is not without fault in creating the overpayment, and therefore she is not entitled to a waiver of the debt. ID at 4-6; *see id.*, ¶ 4. We also agree with the administrative judge's finding that the appellant knew or should have known that she was receiving an overpayment, and therefore the set-aside rule applies, requiring the

appellant to have preserved the overpaid funds for repayment to OPM. ID at 4-6; *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 217 (1996). Because the set-aside rule applies, financial hardship is not a basis for waiver. *See Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002).

Although the appellant is ineligible for waiver, she may be entitled to an adjustment of the recovery schedule if she demonstrates that it would cause her financial hardship to make payment at the scheduled rate. *See id.*; 5 C.F.R. § 845.301. The appellant's request for the monthly repayment schedule to be reduced from $391.02 appears to misunderstand OPM's reconsideration decision and the initial decision, which adjusted the repayment schedule from 36 monthly installments of $391.02 with a final payment of $0.28, to 93 monthly installments of $150 with a final payment of $127. PFR File, Tab 1 at 3; IAF, Tab 2; ID at 7.

The appellant does not assert, and we discern no basis to find, that the repayment of $150 monthly would cause a financial hardship. The appellant submitted a Financial Resource Questionnaire (FRQ) asserting a monthly income of $4,341 and monthly expenses of $3,732.49, resulting in a monthly surplus of $608.51. IAF, Tab 16 at 54-57. The administrative judge accepted these representations and found the appellant's expenses to be normal and ordinary living expenses. ID at 6-7. The appellant asserts in her petition for review that she recently accrued a monthly expense of $269 for her car in addition to her other bills, that her monthly mortgage payment is $1,311, and that she will have upcoming medical expenses and an increase to her insurance costs. PFR File, Tab 1. The administrative judge considered the appellant's mortgage payment[2] in calculating her monthly expenses. ID at 6-7. Even considering the appellant's additional car payment of $269, which was not included in the FRQ, we find that

---

[2] In calculating the appellant's monthly income and expenses, the administrative judge accepted the appellant's asserted mortgage payment of $1,337.07 plus $95 in monthly fees, which is higher than the mortgage payment asserted in the appellant's petition for review and the appellant's credit report. IAF, Tab 16 at 29-30, 54; ID at 6-7; PFR File, Tab 1 at 3.

she has a monthly surplus of more than $300 and liquid assets totaling nearly $10,000. IAF, Tab 16 at 54-56. Therefore, the appellant has failed to demonstrate that repayment at a rate of $150 monthly will cause a financial hardship. ID at 6-7. If the appellant's financial circumstances change further, she may seek an adjustment from OPM pursuant to its *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System* § I.D.12. IAF, Tab 16 at 100-38.

Based on the foregoing, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.